in light of the Fourth Circuit's decision in Maxway, there is no substantial ground for difference of opinion and that an immediate appeal would not materially advance the termination of the litigation.[1]

Maxway unquestionably forecloses debate about the limitations issue both in the bankruptcy court and in this court. However, other circuit courts have reached a conclusion different from the one reached by the Fourth Circuit. Moreover, subsequent to the time that the Fourth Circuit rendered its decision in Maxway, Congress has amended § 546(a) to expressly provide that limitations begins to run from the date that the voluntary petition is filed. Several courts have interpreted this amendment as clarifying what prior law was (rather than establishing a new rule). See, e.g., CompuAdd Corp. v. Texas Instruments, Inc. (In re CompuAdd Corp.), 137 F.3d 880, 884 (5th Cir. 1998); In re M&L Business Machine Co., 75 F.3d 586, 590 n.6 (10th Cir. 1996); Lindquist v. F&B First Michigan Bank (In re Dryland Marina, Inc.), 180 B.R. 487, 490 (Bankr. W.D. Mich. 1995). Against this background, in my judgment "there is substantial ground for difference of opinion" on the limitations question.

I am also satisfied that granting the motions for leave to appeal may materially advance the ultimate termination of the litigation. If the Fourth Circuit were to conclude that Maxway was erroneously decided, this would bring the avoidance actions brought by the trustee to a prompt end. This would be both in the public interest and the interest of the parties. Of course, the Fourth Circuit may choose not to permit an interlocutory appeal on the limitations issue.

---

[1] The trustee also filed a motion to consolidate all of the appeals. That motion is unopposed and will be granted.

That decision itself, however, might be significant to the parties' evaluation of their respective positions and lead to an expeditious and economical resolution of the avoidance actions.[2]

For these reasons I will grant defendants' motions for leave to take interlocutory and expedited appeals. I will simultaneously affirm the bankruptcy court's order denying defendants' motions to dismiss. I will make the findings set forth in 28 U.S.C. § 1292(b) in order to enable the parties to request the Fourth Circuit to consider whether to permit an interlocutory appeal.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: December 18, 1998

J. Frederick Motz
United States District Judge

[2] Defendants have not requested that I stay discovery or otherwise suspend the schedule that the bankruptcy court has set. Were they to do so, it is unlikely that I would grant their requests since the sequencing of litigation usually increases cost and delay rather than reducing them.